UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERTON GEORGE YAHN,  <br>      Plaintiff,  <br>    v.  <br>FRANCISCO RIVERO, Sheriff,  <br>      Defendant.  <br>_____/ | No. C-13-3849 EMC (pr)  <br><br>**ORDER OF DISMISSAL** |

Plaintiff, currently housed at the Coalinga State Hospital following his commitment as a sexually violent predator, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain about his one-week stay in the Lake County Jail. The Court reviewed the complaint and dismissed it with leave to amend for Plaintiff to (a) provide a complete statement of his claims and (b) link a defendant to his claims. Plaintiff has filed an amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915(e).[1] The amended complaint must be dismissed because it does not state a claim against the sole defendant, the Lake County Sheriff.

In the order of dismissal with leave to amend, the Court discussed the defendant problem:

> Plaintiff has named only Lake County Sheriff Francisco Rivero as a defendant, and alleged that he has "rule or policy making authority, and as such, is liable for the actions of his subordinates who were acting a result of his training and supervision." Docket # 1 at 3. Plaintiff's allegations are insufficient to state a claim against Sheriff Rivero. There is no respondeat superior liability under § 1983, *i.e.* no liability under the theory that one is liable simply because he employs

---

[1] Under 28 U.S.C. § 1915(e)(2), the Court may review and dismiss a complaint filed *in forma pauperis* if the complaint is, among other things, "frivolous or malicious" or "fails to state a claim on which relief may be granted."

a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). If plaintiff wants to assert a claim against Sheriff Rivero based on his role as a supervisor, he must make additional allegations showing a basis for such liability. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). If plaintiff wants to assert a claim against the municipality, he may do so, but must make additional allegations showing the basis for municipal liability. Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). **For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that plaintiff is entitled to relief.** *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). If Plaintiff wants to add individual workers at the jail as defendants, he may do so but must link each such individual to each of his claims. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved Defendant by name and link each of them to his claim by explaining what each involved Defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Docket # 9 at 2-3 (emphasis added).

The amended complaint fails to cure the deficiencies identified in the Order Of Dismissal With Leave To Amend. Plaintiff named only Lake County Sheriff Rivero as a defendant, and the allegations do not state a claim against him. The amended complaint does not allege that Sheriff Rivero directly participated in any of the complained-of events. The amended complaint also does not sufficiently allege supervisor liability. Plaintiff attempts to allege municipal liability by alleging: "As a direct result of the Policies, Practices or Procedures of the Lake County Jail, implemented and enforced as a result of the Training and Supervision of the Defendant, Francisco Rivero, Sheriff of Lake County, Plaintiff was subjected to abuses that amount to constitutional violations." Docket # 12 at 3. The allegations do not state a claim based on municipal liability

because they do not identify the particular policies, practices or procedures that led to the alleged constitutional violations, notwithstanding the specific direction in the Order Of Dismissal With Leave To Amend that directed Plaintiff to identify them.  The amended complaint does not state a claim upon which relief may be granted against the Sheriff Rivero.  Further leave to amend will not be granted because it would be futile:  the Court specifically directed that Plaintiff needed to "plead sufficient facts regarding the specific nature of the alleged policy, custom or practice," Docket # 9 at 3, and Plaintiff was unable or unwilling to do so.

For the foregoing reasons, this action is dismissed for failure to state a claim upon which relief may be granted against a defendant.  The Clerk shall close the file.

IT IS SO ORDERED.

Dated: September 10, 2014

_____
EDWARD M. CHEN
United States District Judge